Certiorari granted, April 4, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4647**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAMRAN MUZAFFAR MALIK, a/k/a Nasar A. Khara,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-03-171)

---

Submitted: September 22, 2004      Decided: November 1, 2004

---

Before LUTTIG, MOTZ, and KING, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Atiq R. Ahmed, Silver Spring, Maryland, for Appellant. Paul J. McNulty, United States Attorney, Steve A. Linick, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kamran Muzaffar Malik appeals his conviction and sentence after pleading guilty to one count of conspiracy to commit credit card fraud in violation of 18 U.S.C. § 1028 (2000). The Government has moved to dismiss the appeal as waived under the terms of his plea agreement. For the reasons stated below, we dismiss the appeal insofar as it relates to Malik's sentence and affirm the district court's judgment.

Malik first contends the district court abused its discretion by denying his motion to withdraw his guilty plea. Because this issue does not pertain to Malik's sentence, we conclude Malik has not waived its review on appeal.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 32(e). The district court typically considers: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the

government; and (6) whether it will inconvenience the court and waste judicial resources. <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991).

The most important consideration, however, is whether the plea colloquy was properly conducted under Fed. R. Crim. P. 11. <u>See</u> <u>United States v. Bowman</u>, 348 F.3d 408, 414 (4th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1523 (2004). We will closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992).

We conclude the plea colloquy was adequate and that none of the <u>Moore</u> factors support Malik's argument strongly enough to overcome the strong presumption that Malik's plea was knowing and voluntary. Accordingly, the district court did not abuse its discretion when it found Malik failed to demonstrate a fair and just reason to withdraw his guilty plea.

With respect to Malik's sentence, it is well-settled that a defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742(a) (2000), as long as it is the result of a knowing and intelligent decision to forego the right to appeal. <u>United States v. Wessells</u>, 936 F.2d 165 (4th Cir. 1991). We review the validity of a waiver de novo. <u>United States v. Brown</u>, 232 F.3d 399, 402-03 (4th Cir. 2000).

Because we conclude that Malik knowingly agreed to the waiver, we grant the Government's motion to dismiss with respect to Malik's argument that he was sentenced using the incorrect U.S. Sentencing Guidelines Manual. We also reject Malik's contention that his sentence exceeded statutory maximums under Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). See United State v. Hammoud, __ F.3d __, 2004 WL 2005622, *28 (4th Cir. Sept. 8, 2004) (No. 03-4253), petition for cert. filed, __ U.S.L.W. __ (U.S. Aug. 6, 2004) (No. 04-193).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART