**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4647**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KAMRAN MUZAFFAR MALIK, a/k/a Nasar A. Khara,

Defendant - Appellant.

---

On Remand from the United States Supreme Court.
(S. Ct. No. 04-9021)

---

Submitted: October 28, 2005          Decided: December 7, 2005

---

Before LUTTIG, MOTZ, and KING, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Atiq R. Ahmed, Silver Spring, Maryland, for Appellant. Paul J. McNulty, United States Attorney, Steven A. Linick, Assistant United States Attorney, Ian R. Conner, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kamran Muzaffar Malik appeals his conviction and sentence after pleading guilty to one count of conspiracy to commit credit card fraud in violation of 18 U.S.C. § 1029(b)(2) (2000). In a prior opinion, we granted the Government's motion to dismiss in part and affirmed the district court's judgment. United States v. Malik, No. 03-4647, 2004 WL 2434959 (4th Cir. Nov. 1, 2004) (unpublished). The Supreme Court granted certiorari, vacated the decision, and remanded for reconsideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Malik v. United States, 125 S. Ct. 1751 (2005).

Having reviewed the case in light of Booker, we conclude that we reached the correct result in our first decision. The issue of whether the district court abused its discretion in denying Malik's motion to withdraw his guilty plea is unaffected by the Booker decision, and Malik does not challenge our prior ruling in his supplemental brief. We conclude that the district court did not abuse its discretion in denying the motion to withdraw. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

The second claim Malik initially raised on appeal is that the district court erred in using the 2002 edition of the U.S. Sentencing Guidelines Manual rather than the 2000 edition. We held in our prior opinion that Malik waived this issue by waiving his right to appeal. Having reviewed the issue in light of Booker, we

remain convinced that the waiver was knowing and voluntary and that the claim is within the scope of that waiver. See United States v. Blick, 408 F.3d 162, 170, 173 (4th Cir. 2005) (holding a plea agreement's waiver of the right to appeal that was accepted prior to the Supreme Court's decision in Booker was not invalidated by the change in law effected by that decision). We reject Malik's contention, raised for the first time in his supplemental brief, that the Government breached the plea agreement, thereby invalidating the waiver.

Finally, we reject Malik's allegation that his sentence exceeded the statutory maximum. While such a claim is not barred by an appellate waiver, see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (a defendant cannot waive appellate review of a sentence in excess of the statutory maximum), Malik's fifty-seven month sentence is well within the ninety-month statutory maximum set out in 18 U.S.C.A. § 1029(b)(2), (c) (West 2000 & Supp. 2005). Malik's argument that the term statutory maximum, as used under Booker, means the maximum guideline sentence, is without merit.

Having reconsidered Malik's appeal in light of Booker, we affirm his conviction and grant the Government's motion to dismiss the appeal of his sentence. We deny Malik's motion for bond pending appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART