**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4765

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LEE GARNER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:04-cr-01022-PMD)

Submitted:  May 23, 2008                Decided:  July 8, 2008

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Kevin McDonald, Acting United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Garner pled guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2008), and was sentenced as an armed career criminal to a term of 210 months imprisonment. Although the plea agreement contained a provision in which Garner waived his right to appeal his conviction or sentence, Garner now seeks to appeal the district court's denial of his motion to withdraw his guilty plea. The government has moved to dismiss the appeal based on the waiver. We deny the motion to dismiss, but affirm the district court's denial of Garner's motion to withdraw his guilty plea.

In April 2007, Garner appeared before the district court to enter a guilty plea conditioned on the state's willingness to drop state charges pending against him. Although the state had agreed to drop the charges, Garner changed his mind and refused to plead guilty. A month later, he entered a guilty plea pursuant to an agreement in which the government agreed to recommend to the state solicitor that state charges relating to the instant offense and an alleged carjacking and kidnapping be dropped. The state solicitor appeared in person and confirmed that the state was dropping the charges, but retaining the option to reindict Garner if for any reason his federal guilty plea should fail. The district court then conducted the colloquy required by Rule 11 of

the Federal Rules of Criminal Procedure, and accepted Garner's guilty plea.

After accepting Garner's guilty plea, the court inquired about his bond situation. The state solicitor expressed concern about releasing Garner, given his history of bond violations. The court then revoked Garner's federal bond. Garner immediately asked to withdraw his guilty plea, indicating that he had expected to be released. The district court denied his motion, and denied his renewed motion at sentencing.

On appeal, we first deny the government's motion to dismiss the appeal based on Garner's waiver of appeal rights in his plea agreement. We agree with the government that the issue Garner seeks to raise on appeal is within the scope of the waiver. In challenging the district court's denial of his motion to withdraw his guilty plea, Garner is contesting his conviction. See United States v. Leon, 476 F.3d 829, 832 (10th Cir. 2007) (quoting United States v. Elliott, 264 F.3d 1171, 1174 (10th Cir. 2001)).[*]

However, we conclude that the waiver is not enforceable. A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and

---

[*]Garner relies on an unpublished case from this Circuit, United States v. Malik, 112 F. App'x 894, 894-95 (4th Cir. 2004), to support his position, but the defendant in Malik waived only the right to appeal his sentence.

intelligent, this court examines the background, experience, and conduct of the defendant. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Blick, 408 F.3d at 168. Here, the waiver provision was read by the government in its summary of the plea agreement, but the district court did not explain the waiver to Garner or discuss it with him to determine whether he understood it. Particularly in a case like Garner's, where the defendant has a history of erratic behavior and a question exists about his mental state, a discussion of the waiver provision is necessary to establish that the defendant is knowingly and voluntarily relinquishing his appellate rights. Because this discussion did not occur, we cannot conclude that Garner's waiver was valid. We therefore deny the government's motion to dismiss the appeal.

On the merits, Garner contends that his plea was not knowing and voluntary because it was his understanding that his state charges would be dropped and the state would have no further interest in prosecuting him, and that, in addition, his federal

- 4 -

bond would not be revoked. In effect, he claims his attorney led him to believe that his guilty plea would result in his release on a federal bond. He also asserted, in a letter to the court before he was sentenced, that he did not remember possessing a gun when he was arrested because he was "not in the right state of mind" at the time. A defendant may withdraw a guilty plea before sentencing if he can show a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (footnote omitted)). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d

at 1394.  Here, the record reveals that the district court complied with Rule 11.  Only one <u>Moore</u> factor weighs in Garner's favor:  his speed in asking to withdraw his guilty plea when he learned he would be continued in custody.  His other claims--that he did not understand that he would remain in custody, that he was legally innocent, and that he did not receive the close assistance of competent counsel--are either contradicted by his sworn statements at the Rule 11 hearing or by other evidence in the record, such as defense counsel's remonstrance that release was not part of his plea agreement.  "[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."  <u>United States v. Bowman</u>, 348 F.3d 408, 417 (4th Cir. 2003).  We conclude that the district court did not abuse its discretion in denying Garner leave to withdraw his guilty plea.

We therefore affirm the conviction imposed by the district court.  We deny the government's motion to dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>