

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# USA v. Daniels

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Daniels" (2008). *2008 Decisions.* Paper 1155.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1155

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1755

UNITED STATES OF AMERICA

v.

ANDRE LEONARD DANIELS,
a/k/a ONEYEA
a/k/a ONE,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 06-CR-00010J
District Judge: The Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge**

(Filed: May 22, 2008)

OPINION

STAFFORD, *District Judge*.

---

*The Honorable William H. Stafford, Jr., Senior United States District Judge for the
Northern District of Florida, sitting by designation.

Andre Daniels pleaded guilty to a conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base. His plea agreement contained a waiver of his right to appeal his conviction and sentence. After a pre-sentence report was issued, Daniels moved to withdraw his guilty plea, asserting, among other things, that he misunderstood the sentencing ramifications of his plea. The district court denied the motion to withdraw, finding that Daniels had knowingly and voluntarily entered his plea and had failed to demonstrate a fair and just reason to withdraw his plea. Daniels was thereafter sentenced as a career offender to 210 months in prison. This timely appeal followed.[1]

Daniels raises only one issue on appeal: whether the district court abused its discretion in denying his motion to withdraw his guilty plea. The government maintains that Daniels waived his right to appeal this issue. We agree.

In *United States v. Khattack*, 273 F.3d 557 (3d Cir. 2001), we held that "[w]aivers of appeals, if entered knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *Id.* at 563. The waiver provision to which Daniels agreed is broad. Not only did he agree to waive "the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742;" he also agreed to waive the right to file a post-conviction motion—or any other collateral proceeding—attacking his conviction or sentence. As explained in *United States v. Leon*, 476 F.3d 829 (10th Cir. 2007), an

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291.

appealof a denial of a motion to withdraw a guilty plea constitutes a challenge to a defendant's conviction that falls within the plain language of an appellate waiver provision. *Id.* at 832; *see also United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994) (concluding that a knowing and voluntary waiver of appellate rights barred review of the defendant's appeal of the district court's denial of his motion to withdraw his guilty plea). Thus, if enforceable, Daniels's appellate waiver precludes us from reviewing the district court's denial of his motion to withdraw his guilty plea.

Daniels does not contend that his appellate waiver was unknowing or involuntary or that it works a miscarriage of justice. Indeed, his appellate brief is silent on the matter of waiver. The record, moreover, amply demonstrates that Daniels understood his plea agreement's appellate waiver provision and agreed to it knowingly and voluntarily. Accordingly, we will enforce the waiver and will affirm the judgment of the District Court.