# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3025

ANDREW C. KOONS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 3:08-CV-00191—**Richard L. Young**, *Chief Judge.*

ARGUED JANUARY 21, 2011—DECIDED APRIL 28, 2011

Before FLAUM, MANION, and EVANS, *Circuit Judges.*

FLAUM, *Circuit Judge.* Andrew Koons pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He petitions pursuant to 28 U.S.C. § 2255 to vacate his plea based on ineffective assistance of counsel, arguing that his trial counsel failed to pursue a potential Fourth Amendment claim that may have warranted suppressing significant evidence against him. In the alternative, Koons requests

an evidentiary hearing to evaluate his ineffective assistance claim. The district court denied Koons's motion. We affirm.

## I. Background

The Warrick County Sheriff's Office received a tip that Koons possessed a stolen vehicle. On April 19, 2007, law enforcement officers went to his home and found the stolen vehicle parked in front. No one answered when the officers knocked on Koons's front door. But a neighbor approached and informed the officers that Koons was at work and, among other things, that he had recently participated in a firearms transaction with Koons. At least one officer then went to Koons's place of employment.[1]

The parties dispute what happened next. The government claims that Koons voluntarily spoke to the officer and stated, "[i]t's about the guns," referring to the guns he had at his house, and then offered to turn the guns over to the officer if he would drive Koons home immediately. The government's version of the events was supported by uncontradicted record evidence before Koons filed his § 2255 petition. The petition alleges that the officer who came to his place of employ-

---

[1] The record does not conclusively indicate how many officers went to Koons's workplace. This opinion refers to a single officer, although more than one may have been present during the events discussed.

ment claimed to have a warrant to search Koons's home, told Koons that he was required to accompany the officer back to his home and let him in, and brandished a weapon when Koons expressed unwillingness.

The officer drove Koons back to his residence and Koons invited the officer inside so he could turn over four firearms. Koons went through the house, located the four firearms, and handed them to the officer. The government does not claim to have had or pursued a search warrant. Instead, it argues that Koons voluntarily consented to the search. Koons disputes this in his petition, stating that he was following the officer's orders, not consenting. Again, all record evidence preceding Koons's petition supports the government's account. After receiving his *Miranda* warnings and providing a waiver, Koons told the officers that he was storing the firearms for an acquaintance, Matt Rice, that he purchased the vehicle in question, and that he was unaware it was stolen.

On July 25, 2007, Koons was charged with being a felon in possession and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Shortly thereafter, the magistrate judge appointed attorney Toby Shaw II ("trial counsel") to represent Koons. Koons submitted a petition to enter a guilty plea on December 5, 2007. The district court held a change-of-plea hearing on March 27, 2008, at which Koons testified that he was entering his guilty plea knowingly and voluntarily and acknowledged that he had "very thoroughly" discussed doing so with trial counsel. The government

also presented a witness, Special Agent Chad Foreman ("Agent Foreman"), of the Federal Bureau of Alcohol, Tobacco, Firearms & Explosives, who testified that, among other things, Koons voluntarily consented to the search of his home. Koons acknowledged that Agent Foreman's testimony about the home search was true. The court accepted Koons's guilty plea after finding it knowing and voluntary. Trial counsel did not file a motion to suppress or otherwise object to evidence uncovered during the search of Koons's home.

Trial counsel met with Koons on May 7, 2008, and June 24, 2008, to discuss the presentence investigation report ("PSR") and Koons's objections to it. Among other things, the PSR echoed Agent Foreman's testimony that Koons consented to the search of his home. Trial counsel filed several objections to the PSR regarding sentencing issues, but none addressing the officer's visit to Koons's employment or the search of his home.

During Koons's sentencing hearing on July 7, 2008, the district court summarized from the PSR that Koons consented to the search of his home. No one at the sentencing hearing mentioned that Koons proposed a conflicting version of the events on April 19 or that there was any allegation that he was forced to accompany officers to his home and let them in. The district court sentenced Koons to 180 months of imprisonment and five years of supervised release.

Koons moved to vacate his conviction and sentence on collateral appeal pursuant to 28 U.S.C. § 2255. His petition alleges that trial counsel was constitutionally

deficient during the plea process for, among other things, failing to investigate the potential Fourth Amendment claim Koons discussed in his petition and for not moving to suppress or object to the inclusion of evidence discovered as a result of the alleged Fourth Amendment violation. Koons also sought an evidentiary hearing. The government's response included an affidavit from trial counsel that we discuss in more depth below. The district court denied Koons's habeas petition and request for an evidentiary hearing. Koons appeals.

## II. Analysis

### A. Ineffective Assistance of Counsel

Koons argues that trial counsel was constitutionally inadequate for failing to investigate the circumstances surrounding the search of his home on April 19 and for neglecting to move to suppress the evidence collected as a result of the search. Although "an unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea," *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004) (quoting *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001)), Koons can challenge the validity of his guilty plea by demonstrating that he received ineffective assistance from counsel during the plea process, *Hill v. Lockhart*, 474 U.S. 52, 56 (1984); *Villegas*, 388 F.3d at 322-23. As the following discussion demonstrates, however, Koons's challenge does not succeed.

The Sixth Amendment provides criminal defendants the right to counsel. U.S. CONST. amend. VI. "[I]nherent

in this right is that the defendant is entitled to the effective assistance of counsel. . . . The important inquiry is 'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). To prevail on an ineffective assistance claim, a petitioner must establish that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Whether trial counsel provided constitutionally inadequate assistance is a mixed question of law and fact that we review de novo. *Recendiz*, 557 F.3d at 531; *see also Strickland*, 466 U.S. at 698.

To demonstrate deficient performance, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688. "This means identifying acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, No. 09-3940, slip op. at 47 (7th Cir. Apr. 1, 2011) (internal quotation marks and citations omitted). "Our review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the chal-

lenged action might be considered sound trial strategy.'" *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004) (quoting *Strickland*, 446 U.S. at 689); *see also Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) ("A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." (internal quotation marks and citation omitted)).

To establish prejudice in the plea context, the defendant must demonstrate through objective evidence that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59; *see also Premo v. Moore*, 131 S.Ct. 733, 743 (2011); *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003); *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). Merely alleging "that he would have insisted on going to trial" is inadequate. *Hutchings*, 618 F.3d at 697. We need not reach the "prejudice" inquiry, however, because Koons fails to establish that trial counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 687, 697; *Milone v. Camp*, 22 F.3d 693, 703-04 (7th Cir. 1994); *see also Chang v. United States*, 250 F.3d 79, 84 (2d Cir. 2001).

Aside from Koons's § 2255 petition, the record evidence unequivocally supports the government's version of the events—that Koons voluntarily consented to the search and, thus, that he had no viable Fourth Amend-

ment claim. *See United States v. Johnson*, 495 F.3d 536, 541-42 (7th Cir. 2007). For example, at Koons's change-of-plea hearing, Agent Foreman testified that the search was consensual. He explained that when one of the officers went to Koons's place of employment and asked to speak with him, "Koons agreed to talk to the officer and . . . offered to turn over the guns to the officer if the officer would drive him home immediately. The officer drove Koons home, and Koons invited officers inside his house so that he could turn over the firearms that he had to them." Koons acknowledged in open court that he was able to hear Agent Foreman's testimony and that it was all true, except for a portion unrelated to the alleged Fourth Amendment violation. In addition, Koons's PSR included the same version of Koons's home search that Agent Foreman testified to at Koons's change-of-plea hearing. At his sentencing hearing, Koons acknowledged that he had an opportunity to review the PSR and that, other than the objections he filed that were unrelated to the search of his home, the PSR was "true and accurate." He also stated in open court, "I know what I did is wrong. I know that. I admitted that from the jump about the guns. . . . I tried—I knew I'd done wrong. I tried my best to clear it up by turning them over to the officers when they come, and they didn't have to get a warrant or any of that. I told them right away."

Despite numerous opportunities, Koons not once informed the court that the officer who approached Koons at work on April 19 falsely claimed to have a warrant, brandished a weapon, and required Koons to accompany him to Koons's home and let him in. Rather, Koons

repeatedly acknowledged that he voluntarily consented. We treat sworn statements made in open court most seriously and demand that parties tell the truth. *See, e.g.*, *Hutchings*, 618 F.3d at 699 ("When a district court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else. The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy." (internal quotation marks and citations omitted)).

Nonetheless, Koons's § 2255 petition claims for the first time in the record that police forced him to consent to the search of his home. If true, the evidence found during and as a result of the officer's search of Koons's home—which includes the firearms Koons was charged with illegally possessing—may have been inadmissible and, thus, vulnerable to a motion to suppress. *See generally United States v. Ienco*, 182 F.3d 517, 526 (7th Cir. 1999) (discussing the exclusionary rule and the fruit of the poisonous tree doctrine).

But even if Koons's allegations about the search are true, his appeal is foreclosed by the fact that he never informed trial counsel of the facts giving rise to the alleged Fourth Amendment violation. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney per-

formance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective *at the time*." (emphasis added)). Koons fails to allege in his petition, accompanying affidavit, or anywhere else in the record that he even once told trial counsel the version of events on April 19 that he posits on appeal.[2] To the contrary, the two most relevant portions of his petition demonstrate that he never told trial counsel. First, he states in his petition that "Counsel was ineffective for advising Movant to enter a plea of guilty, without challenging the evidence, when he either knew, *or reasonably should have known*, that the arrest and subsequent search were warrantless, and for failing to appeal this meritorious issue." (emphasis added). He later writes:

> *If counsel did not know* the facts surrounding Movant's warrantless arrest and subsequent warrantless search

---

[2] We construe Koons's pro se pleadings liberally and find that his sworn affidavit incorporates by reference the memorandum he submitted supporting his § 2255 petition. *See Hutchings*, 618 F.3d at 696 (writing that the defendant "properly incorporated by reference his Memorandum into his sworn petition, especially considering his pro se status at the time of his original filing," even though his Memorandum was not signed under penalty of perjury). *See generally Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (discussing our willingness to liberally construe pro se pleadings).

of his home, then counsel was ineffective for failing to investigate those facts prior to advising Movant to plead guilty. *If counsel did know* about the facts surrounding the warrantless arrest and subsequent warrantless search of Movant's home, then counsel was ineffective for failing to challenge the legality of the arrest and search, prior to advising Movant to plead guilty.

(emphasis added).

Other record evidence also indicates that Koons never told trial counsel that the search was not consensual. First, Koons does not dispute the claims in trial counsel's affidavit that he met with Koons seventeen times between July 30, 2007, and July 7, 2008, and that he interviewed each witness the government intended to call. Nonetheless, at Koons's sentencing hearing, trial counsel told the court that when the officer arrived at Koons's workplace, Koons said "[y]ou're here about the guns; let's go get them," and then "[h]anded them over immediately." We find no reason in the record to believe that trial counsel knowingly mislead the district court, and Koons makes no attempt to provide one. Second, in response to Koons's claim that trial counsel should have objected to the legality of the search, trial counsel's affidavit explains that "it is clear from the case that Mr. Koons talked to police and took them to his house and gave them the guns." Although less descriptive than we might hope, the affidavit undoubtedly indicates that Koons never told trial counsel of the alleged Fourth Amendment violation.

Notably, Koons's briefs on appeal claim that he told trial counsel his version of the events on April 19 and that trial counsel dismissed Koons out of hand as a liar. But, as the foregoing discussion indicates, we find no support in the record for this claim.

Accordingly, Koons's two arguments that he received ineffective assistance of counsel are vacuous. He first claims that trial counsel was ineffective for failing to investigate his alleged Fourth Amendment claim. "It is well recognized that counsel must engage in a reasonable investigation or come to a defensible decision that a particular investigation is unnecessary. When counsel determines that investigation is unnecessary, his decision 'must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *United States v. Lathrop*, No. 10-1099, slip op. at 12 (7th Cir. Mar. 2, 2011) (quoting *Strickland*, 466 U.S. at 691). It is appropriate to consider what Koons told trial counsel when determining the reasonableness of trial counsel's investigation. *See Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information.").

Trial counsel's investigation, which included meeting with Koons seventeen times and interviewing each witness

the government intended to call, was undoubtedly adequate. *See id.* at 688-91; *Lathrop*, No. 10-1099, slip op. at 12. The most obvious source of information regarding the alleged Fourth Amendment violation was Koons himself. But Koons never informed trial counsel of the alleged Fourth Amendment violation, and the record provides no indication that trial counsel should or could have learned the version of events Koons posits on appeal by doing anything more than he did to investigate the case. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("An ineffective assistance of counsel claim cannot rest upon counsel's alleged failure to engage in a scavenger hunt for potentially exculpatory information with no detailed instruction on what this information may be or where it might be found."). Further, Koons fails to suggest particular ways in which trial counsel should have more completely investigated the events of April 19. Evaluating trial counsel's "conduct from [his] perspective at the time" of the investigation, we simply have no basis to conclude that his investigation was constitutionally deficient. *Strickland*, 466 U.S. at 689; *see also Smith v. Gaetz*, 565 F.3d 346, 352-53 (7th Cir. 2009).

Koons next argues that trial counsel should have filed a motion to suppress the evidence that resulted from the allegedly improper search of Koons's home. *See Gentry v. Sevier*, 597 F.3d 838, 851-52 (7th Cir. 2010)

(holding that counsel's failure to file a motion to suppress constituted deficient assistance). Again, however, since Koons never told trial counsel that police forced him to consent to the home search, and, thus, never gave trial counsel any reason to believe that a motion to suppress would have any chance of success, trial counsel's failure to seek suppression was objectively reasonable and does not constitute ineffective assistance. *See Strickland*, 466 U.S. at 689.

We conclude that the record forecloses any claim that Koons received constitutionally ineffective assistance during the plea process, or that Koons did not otherwise knowingly and voluntarily plead guilty. We thus affirm the district court's denial of Koons's habeas petition.

**B. Evidentiary Hearing**

Koons also argues that the district court erroneously refused to conduct an evidentiary hearing to evaluate his ineffective assistance claim. "The court should grant an evidentiary hearing on a § 2255 motion when the petitioner alleges facts that, if proven, would entitle him to relief." *Hutchings*, 618 F.3d at 699 (internal quotation marks and citation omitted). But courts may "deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008); 28 U.S.C. § 2255(b); *see also Hutchings*, 618 F.3d at 699-700. Reviewing for abuse of discretion, *Hutchings*, 618 F.3d 700; *Almonacid v. United States*, 476

F.3d 518, 521 (7th Cir. 2007), we affirm the district court's denial of Koons's motion for an evidentiary hearing. As our discussion above demonstrates, the record conclusively shows that Koons is not entitled to relief.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.