In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-2412

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HIPOLITO ALCALA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08-CR-00190—**Rudolph T. Randa**, *Judge.*

ARGUED APRIL 4, 2012—DECIDED MAY 3, 2012

Before EASTERBROOK, *Chief Judge*, and FLAUM and MANION, *Circuit Judges*.

FLAUM, *Circuit Judge*. Hipolito Alcala pled guilty to a single count of unlawfully using a communication facility to further a drug trafficking offense. After the district court accepted his plea, but before sentencing, he moved to withdraw his plea. Despite the fact that, in his plea agreement, he waived his right to appeal his conviction, he now attempts to appeal the district court's

denial of his motion to withdraw his plea. He argues that he did not knowingly and voluntarily waive his right to appeal, stressing his background as a native Spanish-speaker with an eighth grade education. We dismiss the appeal.

## I. Background

Hipolito Alcala ("Alcala") was charged with conspiracy to possess with the intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1); fifty grams or more of cocaine base, 21 U.S.C. § 841(b)(1)(A); and one kilogram or more of heroin, 21 U.S.C. § 846.

Initially, Alcala pled not guilty, and a two-day jury trial commenced on August 16 and 17, 2010. After several Government witnesses testified against him, Alcala informed the court that he intended to plead guilty. He and the Government agreed that he would plead to a reduced charge of unlawful use of a communication facility to further a drug trafficking offense, 21 U.S.C. §§ 841(a)(1), 843(b).

On August 17, 2010, the Government filed an Information charging Alcala with the reduced charge. Alcala pled guilty to this offense, signing a Waiver of Indictment. His plea agreement contained the following provision:

> Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his convic-

tion or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

The same day, Alcala appeared before the district court, which conducted his plea colloquy. During the plea colloquy, the district court asked Alcala about the extent of his education, whether he had ever been declared mentally incompetent or institutionalized, whether he was undergoing psychological or psychiatric care at the time, and whether he was using any medications or any type of drug that would affect his comprehension of the proceedings. Alcala answered that he had completed "eight years" in school and "no" to the other questions. The district court asked him whether he had any questions either for counsel or for the court about the pleading process or the plea itself, and Alcala answered negatively. The district court also asked him whether he was satisfied with his counsel's representation thus far, and Alcala responded affirmatively. Finally, the district court stated:

> How do you plead to the charge? That is, Count 1 of this Information? Guilty or not guilty? But, before you answer, there is one other thing that's been waived here that I haven't discussed, and that's Paragraph 32. It says here that you knowingly and volun-

tarily waive your right to appeal the sentence and your right to challenge this conviction in any post-conviction proceeding, including but not limited to a motion pursuant to 2255 of Section 28 of the United States Code. But that this waiver does not extend to an appeal or post-conviction motion based on any punishment in excess of the statutory maximum, or if I rely upon any factor that's not permitted by the Constitution. Or, if in any way, Mr. Erickson is ineffective in representing you. Do you understand that that's waived when you plead guilty, Mr. Alcala?

Alcala answered "Yes." The district court, therefore, accepted his plea.

On August 24, 2010, Alcala filed a letter with the district court, ostensibly without the assistance of counsel, requesting to withdraw his guilty plea and be tried by jury. His attorney moved to withdraw as counsel, at which time the district court appointed new counsel.

On December 2, 2010, Alcala filed a motion to withdraw his plea with supporting affidavit. The district court denied his motion and imposed a 34-month sentence, which amounted to time served, as well as one year of supervised release and a $100 special assessment.

Alcala appeals, contending that he did not knowingly and voluntarily waive his right to appeal and that the district court erred in denying his motion to withdraw his plea. Because we find that Alcala's waiver

was valid and encompassed his right to appeal the district court's denial of his motion to withdraw his plea, our review is foreclosed, and we dismiss this appeal.

## II. Discussion

We review a district court's denial of a motion to withdraw a plea for abuse of discretion. *United States v. Bryant*, 557 F.3d 489, 495 (7th Cir. 2009). When, however, the plea agreement contains a provision in which the defendant waives his right to appeal, our review is foreclosed if (1) his attempt to withdraw his plea falls within the scope of the waiver, *see United States v. Shah*, 665 F.3d 827, 837 (7th Cir. 2011) ("[W]e enforce a waiver only if the disputed appeal comes within the ambit of the waiver."), and (2) his waiver was valid, *see United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009) ("As a general rule, a defendant may waive the right to appeal his conviction and sentence, and appeal waivers are generally valid if they are made knowingly and voluntarily.") (internal citations omitted); *see also United States v. McGraw*, 571 F.3d 624, 630 (7th Cir. 2009) ("A knowing and voluntary appeal waiver precludes appellate review.").

We review de novo whether a waiver is enforceable. *See United States v. Quintero*, 618 F.3d 746, 750 (7th Cir. 2010). In doing so, we interpret the terms of a plea agreement "according to the parties' reasonable expectations and construe any ambiguities in the light most favorable to the defendant." *Shah*, 665 F.3d at 837 (citing

*Quintero*, 618 F.3d at 750). Additionally, we consider the plea colloquy, evaluating whether the district court "properly informed the defendant that the waiver may bar the right to appeal." *Id.* (citing *Quintero*, 618 F.3d at 750).

### A. Alcala's Motion to Withdraw His Plea Agreement Falls Within the Scope of His Appellate Waiver

This Court has repeatedly recognized that a defendant may waive his right to appeal his conviction and sentence. *See, e.g.*, *Cole*, 569 F.3d at 776. We have not yet considered, however, whether an appeal of a denial of a motion to withdraw a plea constitutes an appeal of the conviction. That is, we have not addressed whether a defendant's waiver of his appellate rights applies to a motion to withdraw a plea.

The Sixth Circuit recently confronted this question in *United States v. Toth*, 668 F.3d 374 (6th Cir. 2012), and held that such waiver, if valid, precludes a defendant's right to appeal a denial of his motion to withdraw his plea. In *Toth*, the defendant signed a plea agreement with the Government in which he waived his right to appeal. *Id.* at 374. The terms of the agreement were specified to the district court during the defendant's plea colloquy, including the defendant's knowing, voluntary relinquishment of his appellate rights. *Id.* at 376-77. The district court, in turn, instructed the defendant that if he accepted the deal, he would not be able to withdraw his guilty plea "absent a fair and just reason." *Id.* at 377.

The defendant indicated that he understood and accepted the deal. *Id.*

Some two-and-a-half months later, the defendant informed the court that he had been "tricked" by counsel into pleading guilty in spite of the truth. *Id.* The district court conducted an evidentiary hearing, concluded that the defendant had not demonstrated a "fair and just reason for requesting the withdrawal," *see* FED. R. CRIM. P. 11(d)(2)(B), and denied his motion to withdraw his plea. *Toth*, 668 F.3d at 377. The defendant appealed, and the Sixth Circuit, holding that the defendant's waiver of appeal was valid and that his motion to withdraw his plea fell within the ambit of the waiver, dismissed his appeal. *Id.* at 377-79.

In *Toth*, the Sixth Circuit echoed the conclusion reached by every circuit that has considered this question: the majority of circuits agree that appealing a denial of a motion to withdraw a plea "is an attempt to contest a conviction on appeal." *Id.* at 378 (quoting *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001)) (internal quotation marks omitted). In addition to the Sixth Circuit, the Second, Third, Fourth, Eighth, Ninth, and Tenth Circuits have each held that when a defendant waives his right to appeal in a plea, he also waives his right to appeal a denial of his motion to withdraw that plea.[1]

---

[1] *See United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) (identifying an appeal of a denial of a motion to

(continued...)

We agree with our sister circuits that a defendant challenges his conviction when he challenges the district court's denial of his motion to withdraw a plea. Accordingly, the only question before us is whether Alcala's signing of his plea agreement and waiver of his rights was knowing and voluntary.

## B. Alcala's Waiver Was Valid

Alcala argues that as a native Spanish-speaker with an eighth grade education, he could not understand the appellate waiver provision. He also faults his plea colloquy proceedings. He claims, first, that the district

---

[1] (...continued)

withdraw a plea as "an issue related to the merits of the under-lying conviction"); *United States v. Daniels*, 278 Fed. Appx. 161, 162 (3d Cir. 2008) ("[A]n appeal of a denial of a motion to withdraw a guilty plea constitutes a challenge to a defendant's conviction that falls within the plain language of an appellate waiver provision."); *United States v. Garner*, 283 Fed. Appx. 176, 178 (4th Cir. 2008) ("In challenging the district court's denial of his motion to withdraw his guilty plea, [the defendant] is contesting his conviction."); *United States v. Gray*, 528 F.3d 1099, 1102 (8th Cir. 2008) (holding that a knowing, voluntary waiver of a right to appeal issues relating to the "negotiation, taking[,] or acceptance of [a] guilty plea or the factual basis for the plea" precludes appellate review of a denial to withdraw the plea); *United States v. Michlin*, 34 F.3d 896, 898, 901 (9th Cir. 1994) (holding that a defendant's valid waiver of his appellate rights forecloses his right to appeal a denial of his motion to withdraw his plea); *Elliott*, 264 F.3d at 1174.

court failed to ask him about each trial right individu-
ally—"the right . . . to confront and cross-examine
adverse witnesses, to be protected from compelled
self-incrimination, to testify and present evidence, and
to compel the attendance of witnesses." Second, he main-
tains that court prompted him for "yes or no" answers
that, in absence of a narrative, rendered it unable to
assess his understanding and competence. In turn, he
argues, he could not have knowingly and voluntarily
agreed to relinquish his right to appeal, and the waiver
is invalid and unenforceable. Although he does not
state so specifically, his claim of invalid waiver extends
to his waiver's scope: if he could not understand the
provision at all, he could not have understood that his
appeal of a motion to withdraw a plea constituted
an appeal of his conviction. In short, he did not
knowingly, voluntarily give up his right to appeal the
district court's judgment on that particular matter.
We disagree.

Waiver of the right to appeal is valid when a
defendant knowingly and voluntarily relinquishes his
right. *See Shah*, 665 F.3d at 837. In assessing the
knowing and voluntary character of a defendant's
waiver, the court should lend particular credence to
the defendant's representations to the court during his
plea colloquy, during which he is obligated to tell the
truth. *See Koons v. United States*, 639 F.3d 348, 352 (7th
Cir. 2011); *Hutchings v. United States*, 618 F.3d 693, 699
(7th Cir. 2010). His waiver is knowing and voluntary if
he "understand[s] the choice confronting him and . . .
understand[s] that choice is his to make." *United States*

*ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1182-83 (7th Cir. 1983) (discussing waiver of the right to trial by jury); *see also United States v. Johnson*, 534 F.3d 690 (7th Cir. 2008) ("[W]aiver is likely knowing and voluntary if the defendant gave it for strategic reasons . . . ."). The court may also consider the fact that the defendant was represented by counsel, which, barring an ineffective assistance claim, supports a conclusion that the defendant's waiver was informed and strategic. *See DeRobertis*, 714 F.2d at 1182 ("The purpose of the constitutional guaranty of a right to counsel is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights." (quoting *Johnson v. Zerbst*, 304 U.S. 458, 465 (1938)) (internal omissions omitted)).

Alcala's alleged language difficulties and level of education might be troubling if he represented himself pro se or if he alleged ineffective assistance of counsel. He did not do so, however, and he makes no such charge against his original trial counsel. These elements of his background, of which the district court was aware during his plea colloquy, do not defeat our presumption that his responses to the court's inquiries were truthful, *see Koons*, 639 F.3d at 352; *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Nor does the fact that Alcala's responses were largely "yes" or "no," without more, defeat this presumption. *See United States v. Messino*, 55 F.3d 1241, 1253-54 (7th Cir. 1995) (holding that the defendant was not deprived of meaningful plea colloquy because he was asked only questions requiring "yes" or "no" answers). While we stress that

narrative responses in a plea colloquy are superior to inquiries from the court that elicit "yes" or "no" answers, *see, e.g.*, *United States v. Groll*, 992 F.2d 755, 760 n.7 (7th Cir. 1993) ("[S]imple affirmative or negative answers to the court's rote interrogatories give us pause in finding that [the defendant] entered her plea knowingly."); *United States v. Fountain*, 777 F.2d 351, 356 (7th Cir. 1985) ("Simple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind as required by Rule 11."), our review of the plea colloquy, the fact that Alacala was represented by counsel, and the fact that Alcala was provided with a translator during the colloquy evince that he comprehended the district court's inquiries.

We similarly find unpersuasive Alcala's contention that he could not waive his right to a trial and appeal until the district court and his attorney had appraised him of each and every element of a trial. During the colloquy, the district court informed him that, by pleading guilty, he would be giving up his right to a jury trial, including calling witnesses, further presenting his case, and submitting his case to the jury for a determination of his guilt or innocence. He understood that he could choose between being judged by a group of his peers or pleading to the crime and accepting the Government's support and sentencing recommendations. That understanding, coupled with his lawyer's advice and the fact that he decided to plead after listening to several Government witnesses testify against him, indicates that his plea and waiver were strategic choices

and, thus, valid. *See United States v. England*, 507 F.3d 581, 586 (7th Cir. 2007) ("A court does not have to give the defendant a crash course in criminal law or trial procedure before a defendant's waiver of his right to counsel will be voluntary."); *cf. DeRobertis*, 715 F.2d at 1182-83 (noting, in evaluating the validity of a defendant's waiver of his right to a jury trial, that "a defendant who is aware that the choice he faces is between being judged by a group of his fellow citizens or a judge may conclude intelligently that his lawyer's advice, based upon his experience and his knowledge of law and procedure, is entitled to controlling weight").

Favorably construing his argument, Alcala's strongest claim is that he did not understand that, once accepted by the court, his plea constituted the basis for his conviction, and, as part of his conviction, an attempt to withdraw it would fall within the scope of his appellate waiver. Such specifics were not communicated by either the district court or counsel during the colloquy. Moreover, neither the court nor counsel explicitly stated that, once accepted by the court, he had no right to revoke his plea and that his ability to do so hinged on the court's discretion. *See generally United States v. Redmond*, 667 F.3d 863, 870-71 (7th Cir. 2012) ("There is no absolute right to withdraw a guilty plea."). Arguably, the terms of his plea did not expressly and unambiguously clarify that he could not change his mind, *see United States v. Sakellarion*, 649 F.3d 634, 638-39 (7th Cir. 2011) ("We enforce appellate waivers when their terms are express and unambiguous . . . ."

(internal quotation marks omitted)), and we construe ambiguities in his favor, *see Shah*, 665 F.3d at 837.

Nevertheless, the terms of the plea agreement and the colloquy reveal that Alcala knowingly and voluntarily waived his right to appeal and inherently accepted the risk that he might regret that decision. He could not have reasonably expected that the district court would find him "not guilty" after he had pled guilty. Once accepted by the court, his guilty plea was tantamount to his conviction, and the terms of his plea agreement clearly state that he agreed to waive his right to appeal his conviction, *see supra* Part I. He agreed to abide by all decisions of the court, reserving his right to appeal on three specific and exhaustive grounds: (1) any punishment in excess of the statutory maximum; (2) a sentence based on a constitutionally impermissible factor; and (3) ineffective assistance of counsel. *See supra* Part I. None of those exceptions underlie this appeal. At worst, he did not fully appreciate that he might wish to change his mind later, and that he could not become un-convicted except at the discretion of the court. Yet, such is the risk with plea-bargaining and waiver. *See McGraw*, 571 F.3d at 630-31 ("[P]lea-bargain appeal waivers involve risk: '[b]y binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.'" (quoting *United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005))). That the

risk materialized for Alcala does not trump the knowing and voluntary nature of his plea and waiver when he accepted the Government's deal. Our review is foreclosed.

### III. Conclusion

For the foregoing reasons, we DISMISS this appeal.