NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013
Decided February 22, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 12-2438 | |
| UNITED STATES OF AMERICA,<br>      *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-Cr-23 |
| JOSE LUIS GONZALEZ-LOPEZ,<br>      *Defendant-Appellant*. | Rudolph T. Randa,<br>*Judge*. |

**O R D E R**

Jose Gonzalez, a Mexican citizen, was removed from the United States in 2010 after serving a two-year prison term in Georgia for child molestation. *See* GA. CODE ANN. § 16-6-4(a)(1). He returned illegally ten months later and made his way to Wisconsin, where he was arrested in January 2012 after a bar fight. Gonzalez was charged in the Eastern District of Wisconsin with unlawful presence in the United States after removal. *See* 8 U.S.C. § 1326(a). He entered into a written plea agreement but did not waive his right to appeal as part of that agreement. Instead, on the day before he pleaded guilty, Gonzalez filed with the district court a "Waiver of Right to Appeal" purportedly relinquishing any appellate "claim or issue in regards to sentencing . . . except as to any issue related to the court's consideration of sentencing disparities between fast-track and non-fast track program districts." This unilateral waiver was filed on March 8, but by then the United States

Attorney for the district had implemented a mandate from the Department of Justice requiring *every* district to adopt a  "fast track" program for § 1326(a) prosecutions no later than March 1. *See* Memorandum from Deputy Attorney Gen. James M. Cole to All U.S. Attorneys, *Dep't Policy on Early Disposition or "Fast–Track" Programs* (Jan. 31, 2012), *available at* www.justice.gov/dag/fast-track-program.pdf; *United States v. Anaya-Aguirre*, No 11-3675, 2013 WL 105869, at *8 n.1 (7th Cir. Jan. 10, 2013). Gonzalez's conviction disqualified him from the district's new program, so at sentencing he argued that his situation was "best analyzed under the previous regime" when the district *did not* have a fast-track program. Before that program was adopted, Gonzalez reasoned, he would have been able to show that defendants convicted under § 1326(a) faced stiffer sentences in the Eastern District of Wisconsin when compared to fast-track districts. The district court did not comment on this argument. The court sentenced Gonzalez to 36 months, well below the guidelines imprisonment range of 46 to 57 months.

Gonzalez has filed a notice of appeal, but his appointed lawyer asserts that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Gonzalez has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first addresses whether Gonzalez could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea. According to the lawyer, the district court committed error (though not plain error) by saying nothing during the plea colloquy about Gonzalez's "stand-alone" appeal waiver. A discussion of that waiver, counsel asserts, was required by Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure.

Counsel is mistaken. What the rule says is that a plea colloquy must encompass "any *plea-agreement provision* waiving the right to appeal." FED. R. CRIM. P. 11(b)(1)(N) (emphasis added). Rule 11 promotes voluntary guilty pleas by requiring judges to ask about inducements and also establish that the defendant appreciates the consequences of pleading guilty. *Koons v. United States*, 639 F.3d 348, 352 (7th Cir. 2011); *United States v. Burnside*, 588 F.3d 511, 522 (7th Cir. 2009). What Gonzalez calls an appeal waiver exemplifies the empty, unenforceable promises we saw in *Anaya-Aguirre*, 2013 WL 105869, at *8 n.3, and *United States v. Ramirez*, 675 F.3d 634, 643–44 (7th Cir. 2011). This conditional pledge was ignored during the plea colloquy since it's not part of the parties' bargain and could not have induced, or affected the voluntariness of, Gonzalez's guilty plea. *See Burnside*, 588 F.3d at 521; *United States v. Logan*, 244 F.3d 553, 557–58 (7th Cir. 2001).

Beyond that, it was not necessary for appellate counsel to discuss Rule 11(b)(1)(N) or any other aspect of the plea colloquy. In her *Anders* submission she tells us that Gonzalez does not want his guilty plea set aside, so whether the district judge substantially complied with Rule 11 is not a potential issue for appeal. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel is unable to identify an arguable basis for contesting the guidelines calculations but does explore whether Gonzalez could argue that the district judge committed procedural error by not mentioning his claim of fast-track disparity. In counsel's view, a disparity argument would be frivolous because Gonzalez's conviction for child molestation disqualified him from the program adopted in the Eastern District of Wisconsin. That reasoning would be valid if every district applied uniform criteria, but the Department of Justice gave each district discretion to decide *whether* and *to what extent* criminal history should be disqualifying. *See* Memorandum from Deputy Attorney Gen. James M. Cole, at 3–4; *United States v. Ojeda-Texta*, No. 10-156, 2012 WL 4210292, at *1 (E.D. La. Sept. 19, 2012). So exclusion from a fast-track program based on nonuniform factors arguably could still ground a claim of unwarranted disparity because district courts "must take account of sentencing practices in other courts" as part of their analysis under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 108 (2007); *see United States v. Reyes-Hernandez*, 624 F.3d 405, 420 (7th Cir. 2010).

We need not explore that question here, because Gonzalez did not establish eligibility for a fast-track sentence elsewhere. The only comparative information he supplied was a memorandum drafted in 2005 by a federal prosecutor in Illinois; we expressed skepticism in *Ramirez* about that dated submission, 675 F.3d at 641-42, and its persuasive value was eroded further when the Department of Justice updated its fast-track authorization. More importantly, though, Gonzalez's plea agreement does not include an enforceable appeal waiver as required for each fast-track program from the "previous regime" described in his sentencing memorandum. *See Anaya-Aguirre*, 2013 WL 105869, at *3, 8 n.3; *Ramirez*, 675 F.3d at 636, 643–44. That means his disparity claim was illusory, and thus an appellate claim about its rejection would be frivolous.

Last, counsel evaluates whether Gonzalez could challenge his prison sentence as unreasonable. But the term is below the guidelines range and thus presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Jones*, 696 F.3d 695, 699 (7th Cir. 2012); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any ground to rebut this presumption, nor can we. The district court evaluated the factors listed in 18 U.S.C. § 3553(a), including the seriousness of Gonzalez's conviction for child molestation and the special need for deterrence given that he returned to the

United States less than a year after his removal. These considerations, the court decided, outweighed Gonzalez's argument that he should be freed early to return to Mexico, where he anticipates starting a business with his brother to provide for his family.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.