**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4372**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER J. DEANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:10-cr-00252-H-1)

Submitted: February 15, 2018                    Decided: February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Makan Delrahim, Assistant Attorney General, Marvin N. Price, Jr., Acting Deputy Assistant Attorney General, Eric M. Meiring, James J. Fredricks, Adam D. Chandler, Antitrust Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Christopher J. Deans seeks to appeal the district court's denial of his motion to withdraw his guilty plea to one count of conspiring to restrain trade or commerce in violation of 15 U.S.C. § 1 (2012). He contends that the district court should have allowed him to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d) in light of previously unavailable, allegedly exculpatory testimony in the trial of one of Deans' coconspirators. The Government seeks to dismiss the appeal as barred by the waiver of the right to appeal the conviction included in Deans' plea agreement.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Deans knowingly and voluntarily waived his right to appeal his conviction. Deans' appeal of the district court's denial of his motion to withdraw his guilty plea falls within the compass of his waiver of appellate rights. *United States v. Alcala*, 678 F.3d 574, 577-78 & n.1 (7th Cir. 2012) (collecting cases). Although Deans refers to the testimony he relied on in his motion to withdraw as "*Brady* evidence," he does not allege and the record in no way suggests that his plea was tainted by government misconduct. He also does not contend that his plea was caused by ineffective assistance of counsel. Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*