**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021[*]
Decided July 8, 2021

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-1318

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-cr-30179-SMY-1 |
| DARREN CHARLES THOMAS, JR., *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

In 2019, Darren Charles Thomas, Jr. pleaded guilty to possessing a firearm unlawfully as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 60 months in prison. His plea agreement stated that he "knowingly and voluntarily waive[d] the right seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding … under Title 18 or Title 28, or under any other provision of federal law." Based on the COVID-19 pandemic and his health conditions, Thomas nonetheless

---

[*] Based on the parties' joint motion, we have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court ruled that Thomas had waived his right to seek compassionate release and denied his motion. On appeal, Thomas does not argue that the district judge misunderstood the plain text of his waiver; rather, he raises two arguments about why we should refuse to enforce it. We recently rejected both arguments in *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021). Based on *Bridgewater* and the waiver, we therefore dismiss the appeal.

Thomas first argues that it would be unconscionable and against public policy to allow defendants to waive to their right to file motions for compassionate release. We rejected this argument in *Bridgewater.* "[C]ompassionate release waivers, like other appellate waivers, sacrifice an opportunity for review in order to advance the government's legitimate interest in finality and the efficient use of prosecutorial resources, and in exchange for some other benefit that the defendant values more highly." *Id.* at 601–02. Therefore, we will enforce broad waivers that, as in *Bridgewater* and here, include motions for compassionate release.

Second, Thomas argues that the waiver was not knowing or voluntary because he could not have foreseen the COVID-19 pandemic. But that is not the right inquiry. The colloquy at Thomas's change-of-plea hearing, conducted in accordance with Federal Rule of Criminal Procedure 11, shows that he understood the rights he was waiving. In particular, he confirmed that he had "specifically discuss[ed]" with counsel the waiver of his appeal, modification, and collateral-attack rights and that he understood the "specific rights" he was giving up. Further, Thomas entered his plea agreement in 2019, after the First Step Act gave prisoners the right to seek modification of their sentences, even without the support of the Bureau of Prisons. *Bridgewater*, 995 F.3d at 595. "In other words, this type of modification proceeding was known and available when [Thomas] agreed not to use it." *Id.* Thomas's inability to predict the pandemic reveals only that "he did not fully appreciate that he might wish to change his mind later," not that his earlier agreement was unknowing or involuntary. *Id.* at 596 (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)). "Yet such is the risk with plea-bargaining and waiver." *Id.* The waiver is therefore valid.

DISMISSED