[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12131

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARSHALL PLOTKA, MD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:19-cr-00233-AKK-SGC-1

_____

Before JORDAN, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Marshall Plotka, a medical doctor, pled guilty to making available a premises for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance. *See* 21 U.S.C. § 856(a)(2). As part of a written plea agreement, Dr. Plotka waived his right to appeal or challenge his "conviction and/or sentence." D.E. 111 at 5. The appeal waiver provision contained three exceptions: Dr. Plotka could challenge (1) "[a]ny sentence imposed in excess of the applicable statutory maximum sentence(s)," or (2) "[a]ny sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed," and he could assert (3) "[i]neffective assistance of counsel." *Id.* at 5-6.

Dr. Plotka now appeals the district court's denial of his motion to withdraw his guilty plea. He argues that the district court abused its discretion in denying his motion in light of his latest metastatic prostate cancer diagnosis. He does not, however, appeal based on any of the three enumerated exceptions listed above. Nor does he claim that he entered into the plea agreement unknowingly or involuntarily or otherwise challenge the validity of his plea. We agree with the government that, under the circumstances, Dr. Plotka's appeal is barred by the terms of the appeal waiver.

I

A federal grand jury in the Northern District of Alabama charged Dr. Plotka with making available a premises for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance in violation of 21 U.S.C. § 856(a)(2). Dr. Plotka pled guilty to the charge pursuant to a written plea agreement. *Id.* at 1. The agreement contained an appeal waiver provision that limited his right to appeal or challenge his "conviction and/or sentence" to the three instances described above. *Id.* at 5-6.

Dr. Plotka initialed each page of the agreement and signed on the signature line indicating that he "read, underst[ood], and approve[d] of all the provisions of th[e] Agreement, both individually and as a total binding agreement." *Id.* at 11. Dr. Plotka also verified by signature that he fully understood the waiver provision and that he was entering into the waiver knowingly and voluntarily. *Id.* at 6.

During the Rule 11 colloquy, the district court confirmed that Dr. Plotka understood the charge against him and that he had adequate time to discuss the charge with his attorney. D.E. 124 at 6. The district court also confirmed that Dr. Plotka had read and understood the plea agreement and that he had discussed it with his attorney prior to signing it. *Id.* at 13-14. Dr. Plotka affirmed that he was pleading guilty knowingly and voluntarily, that he

understood the penalties that he faced for his offense, and that he knew the rights he would waive by pleading guilty. *Id.* at 2-3, 6-11, 14, 16.

The district court also explained the appeal waiver. It noted that, except for the three circumstances specified in the waiver, Dr. Plotka was "agree[ing] to waive and to give up [his] right to appeal or to challenge this case in any other fashion." *Id.* at 14. Dr. Plotka confirmed that he understood the scope of the waiver and further acknowledged his signature expressly agreeing to the waiver provision. *Id.*

At the conclusion of the colloquy, Dr. Plotka pled guilty. *Id.* at 18-19. The district court accepted his plea based on its express findings that Dr. Plotka was fully competent to enter a plea, that he was aware of the nature of the charges and the consequences of the plea and that his plea was knowing and voluntary and supported by a sufficient factual basis. *Id.* at 19.

Dr. Plotka's sentencing hearing was scheduled for September 28, 2021. D.E. 112. But after a screening test revealed that Dr. Plotka's prostate cancer had returned—Dr. Plotka was initially diagnosed with cancer in 2015 (D.E. 125 ¶ 67)—Dr. Plotka twice requested that the hearing be moved to a later date. D.E. 116; D.E. 119. The district court granted the requests and ultimately reset the hearing for June 9, 2022. D.E. 117; D.E. 121. Two days before the hearing, Dr. Plotka moved to withdraw his plea, arguing that his cancer diagnosis and ongoing treatment were "fair and just reasons" for withdrawal under Rule 11(d). D.E. 122.

At the sentencing hearing, the district court denied Dr. Plotka's motion. D.E.133 at 5. In doing so, it found that under the four-factor analysis provided by this Court for evaluating whether a defendant demonstrated fair and just reasoning for withdrawing his plea, *see United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988), Dr. Plotka's cancer diagnosis and ongoing treatment did not justify relief. *Id.* at 3-5. It concluded (1) that it was clear from the record that Dr. Plotka was provided close assistance of counsel; (2) that it was satisfied based on its interaction with Dr. Plotka during the Rule 11 colloquy—and Dr. Plotka's own affirmation—that his plea was knowing and voluntary; (3) that judicial resources would be wasted because the court and the parties would have to (a) repeat the process of selecting and swearing in a jury after the previous jury was stricken prior to Dr. Plotka's change of plea, and (b) find a mutually agreeable time to try the case; and (4) that the government would be prejudiced by the difficulty of having to track down witnesses. *Id.* The district court concluded that all four factors weighed against granting Dr. Plotka's motion to withdraw his plea. *Id.* at 5.

## II

Whether a defendant's appeal is barred by an appeal waiver is subject to plenary review. *See United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014) (citing *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008)).

We will enforce appeal waivers made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1345 (11th Cir.

1993). "Waivers of appeal must stand or fall with the agreements of which they are a part. If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary, or otherwise unenforceable, then the defendant is entitled to appeal." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)). Accordingly, we have held that an appeal waiver will not bar a claim that a plea was entered into unknowingly or involuntarily, nor a claim that there was some deficiency in the Rule 11 colloquy, such as a claim that the district court failed to inform the defendant of the nature of the charge or secure a sufficient factual basis to support the plea. *See id.* at 1281.

Appellate review is also permitted, despite a valid appeal waiver, when a defendant claims that the government breached the plea agreement. *See id.* 1284. An appeal is likewise allowed when the challenge falls within the written exceptions of the waiver. *See, e.g., United States v. Segarra*, 582 F.3d 1269, 1273 (11th Cir. 2009) (dismissing the defendant's appeal "as barred by the appeal waiver" because the defendant's reason for appeal did not "fit within any of the appeal waiver exceptions" and the agreement was not alleged to have been entered into unknowingly or involuntarily).

We agree with the government's contention that Dr. Plotka's appeal falls within the scope of the appeal waiver. That is because, as our sister courts have held, "an appeal of a denial of a

motion to withdraw a guilty plea is an attempt to contest a conviction on appeal." *United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam) (quoting *United States v. Elliott,* 264 F.3d 1171, 1174 (10th Cir. 2001)). *See also United States v. Toth*, 668 F.3d 374, 378-79 (6th Cir. 2012) ("[A]n appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision.") (collecting cases); *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (per curiam) (describing an appeal of a denial of a motion to withdraw a guilty plea as "an issue related to the merits of the underlying conviction"); *United States v. Alcala*, 678 F.3d 574, 578 (7th Cir. 2012) ("We agree with our sister circuits that a defendant challenges his conviction when he challenges the district court's denial of his motion to withdraw a plea.").

Dr. Plotka's appeal of the district court's denial of his motion to withdraw his guilty plea necessarily contests the conviction on appeal because the plea is "inextricably part of the judgment of conviction entered against him." *Toth*, 668 F.3d at 378. Explaining the inextricable relationship between a defendant's guilty plea and his conviction, the Sixth Circuit stated:

> [I]f a defendant enters a guilty plea pursuant to a plea agreement, reference in the plea agreement to the "conviction" can only mean the guilty plea from which the judgment of conviction resulted. In Toth's case, the guilty plea that formed the basis of his criminal judgment remained valid because the district

court refused to allow him to withdraw his guilty plea. Thus, the motion to withdraw his guilty plea is inextricably part of the judgment of conviction entered against him.

*Id.* As in *Toth*, Dr. Plotka's conviction directly resulted from the district court accepting his guilty plea. As part of his agreement to plead guilty, Dr. Plotka waived his right to appeal his "conviction." D.E. 111 at 5. Allowing Dr. Plotka's appeal would thus render his appeal waiver illusory.

Finally, Dr. Plotka's appeal does not come within any of the categories of claims not barred by an appeal waiver. First, Dr. Plotka does not claim that he entered into the plea agreement unknowingly or involuntarily. Second, Dr. Plotka does not argue that the plea agreement is invalid due to a Rule 11 violation or that it should not be enforced because the government breached the agreement in any way. Third, the denial of a motion to withdraw his guilty plea does not come within any of the exceptions to the appeal waiver.

We hold that Dr. Plotka's appeal of the district court's denial of his motion to withdraw his guilty plea is barred by the express terms of the appeal waiver. The appeal must therefore be dismissed.

### III

Dr. Plotka's appeal is dismissed.

**APPEAL DISMISSED.**