In the

# United States Court of Appeals

### For the Seventh Circuit

No. 06-2547

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PARRISH D. COLE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 05 CR 65—**James T. Moody**, *Judge.*

ARGUED JUNE 3, 2008—DECIDED JUNE 30, 2009

Before KANNE, SYKES, and TINDER, *Circuit Judges*.

SYKES, *Circuit Judge.* Parrish Cole entered into a written plea agreement with the government in which he acknowledged distributing less than 400 grams of heroin and less than a kilogram of marijuana. The district court accepted the plea agreement but found, based on information in the presentence report, that Cole should be held responsible for a greater quantity of drugs than the amounts he had admitted in the agreement. The court increased Cole's guidelines range accord-

ingly and sentenced Cole to 97 months in prison, which was nearly double the sentence Cole expected if the court had followed the recommendations in the plea agreement. Cole challenges his sentence; although in his plea agreement he waived his right to appeal, he argues that the appeal waiver is unenforceable because the district court's independent calculation of the drug quantities effectively nullified the agreement.

We disagree. The enforceability of Cole's appeal waiver hinges on whether the drug quantities in Cole's plea agreement were binding on the district court for sentencing purposes. Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure* provides that if the district court accepts a plea containing an agreement between the government and the defendant about a specific sentence, sentencing range, or the applicability of a specific guidelines provision, policy statement, or sentencing factor, the court is bound by the parties' agreement for purposes of sentencing. Cole's drug-quantity admissions in the plea agreement do not fall into any of these categories but are instead factual stipulations that fall outside Rule 11(c)(1)(C)'s scope and thus do not bind the district court. *See* U.S.S.G. § 6B1.4(d). Accordingly, when the district court independently quantified the amount of drugs attributable to Cole based on information in the presentence report, it did not nullify the plea agreement. The appeal waiver in Cole's agreement is enforceable, and we dismiss his appeal.

## I. Background

Parrish Cole pleaded guilty to one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1). As part of his written plea agreement with the government, Cole agreed that he had distributed between 100 and 400 grams of heroin and between 250 and 1,000 grams of marijuana. Cole also agreed to forfeit (among other things) $84,150 in cash, which he acknowledged he earned through his drug trade. In addition to dropping eight other narcotics-related charges, the government agreed to recommend a reduction in Cole's offense level for acceptance of responsibility and a sentence equal to the low end of his applicable guidelines range. Cole's plea agreement also included a waiver of his right to appeal his sentence.

The district judge waited until after he had received and reviewed the presentence report before accepting the plea agreement's recommendations. That report recommended converting the cash Cole agreed to forfeit into a drug quantity for sentencing purposes, *see United States v. Rivera*, 6 F.3d 431, 446-47 (7th Cir. 1993), something that neither the government nor Cole had considered during plea negotiations. At sentencing the government asked the district court to adhere to the drug quantities Cole had admitted in his plea agreement in determining Cole's sentence, but the district court declined to do so; the judge concluded that U.S.S.G. § 6B1.4(d) permitted him to reject factual stipulations in the plea agreement. Adopting the information in the presentence report, the court treated the cash as the equivalent of 832 grams of heroin, which raised Cole's offense level by six levels and nearly doubled

his applicable guidelines range. The district court sentenced Cole to 97 months' imprisonment, at the bottom of the advisory guidelines range. Cole appealed his sentence, arguing that the district court erred by rejecting the drug quantities in his plea agreement.

## II. Discussion

The government asks us to dismiss this appeal because Cole waived his right to appeal his sentence in his plea agreement. As a general rule, a defendant may waive the right to appeal his conviction and sentence, FED. R. CRIM. P. 11(b)(1)(N), and appeal waivers are generally valid if they are made knowingly and voluntarily. *See United States v. Franklin*, 547 F.3d 726, 731-32 (7th Cir. 2008). However, a knowing and voluntary waiver might not be enforceable if the plea was not taken in compliance with Rule 11 of the *Federal Rules of Criminal Procedure*. *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal."); *see also United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005) (observing that waivers are unenforceable if the defendant has been sentenced based on constitutionally impermissible criteria, the sentence exceeds the statutory maximum, or the defendant received ineffective assistance of counsel during plea negotiations and sentencing proceedings).

Cole contends that the district court's sentencing decision did not comport with the requirements of Rule 11

and therefore the plea agreement was effectively nullified and the appeal waiver is unenforceable. *See, e.g., United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled . . . ."). The merits of Cole's Rule 11 claim are intertwined with the enforceability of his appeal waiver; if Rule 11 did not require the district court to use the drug-quantity amounts in Cole's plea agreement for sentencing purposes, then the plea is valid and Cole's appeal waiver is enforceable. Thus, "the plea and the waiver stand or fall together." *Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008).

Plea agreements are governed by Rule 11(c), which makes some types of agreements between the government and a defendant binding upon the district court and others not. For example, if the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply," FED. R. CRIM. P. 11(c)(1)(C), the district court is bound by the parties' agreement if the court chooses to accept the plea, *id.* 11(c)(4). *See United States v. O'Neill*, 437 F.3d 654, 655-57 (7th Cir. 2006) (describing the operation of a "lock-in" plea agreement under Rule 11(c)(1)(C)). Cole contends that once the district court accepted his plea, Rule 11(c)(1)(C) required the district court to use the drug-quantity amounts in the plea agreement in its sentencing analysis; the court could not accept the plea, Cole argues, without also accepting the factual stipulations in the

agreement. *Cf. United States v. Martin*, 287 F.3d 609, 622 (7th Cir. 2002) ("A plea agreement is a unified document, and even if the district court wanted to it could not accept part and reject part.").

Not all particularized provisions in a plea agreement operate to make a plea agreement binding on the district court. *See* FED. R. CRIM. P. 11(c)(1)(B) (providing that the district court is not bound by the parties' agreement that the government will "recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does not apply"). Cole's plea agreement contained many provisions explicitly preserving the nonbinding character of the agreement. For example, the agreement specifically stated that the district court "will determine the applicable guidelines range" and "will determine all matters, whether factual or legal, relevant to the application" of the guidelines, and that "the specific sentence to be imposed . . . will be determined by the judge." Cole claims nonetheless that other parts of the agreement—specifically his drug-quantity admissions—were binding and that these brought his agreement within the terms of Rule 11(c)(1)(C).[1]

---

[1] Cole thinks that the timing of the district court's decision sheds light on whether he entered into a Rule 11(c)(1)(C) agreement. For support, he points out that a district court confronted with a Rule 11(c)(1)(C) agreement may only accept

(continued...)

Rule 11(c)(1)(C) only applies to agreements regarding sentences, sentencing ranges, or sentencing factors; it does not apply to factual stipulations. Typically, Rule 11(c)(1)(C) agreements explicitly contain an agreed-upon sentence, *e.g.*, *United States v. Weathington*, 507 F.3d 1068, 1070 (7th Cir. 2007), or an agreed-upon sentencing range, *e.g.*, *United States v. Blinn*, 490 F.3d 586, 587 (7th Cir. 2007). Rule 11(c)(1)(C) agreements may also explain how an agreed-upon sentence will be affected by a court's resolution of disputed issues. *See, e.g.*, *United States v. Linder*, 530 F.3d 556, 559 (7th Cir. 2008) (parties agreed defendant would be sentenced to 50% of the low end of the applicable guidelines range).

Cole's plea agreement contains none of these indicia. The paragraph in Cole's plea agreement addressing the amount of drugs he distributed does not contain an agreement on "a specific sentence or sentencing range" or an agreement regarding the applicability of any "particular

---

(...continued)

it, reject it, or defer a decision until the court reviews the presentence report. FED. R. CRIM. P. 11(c)(3)(A). Because the court deferred a decision on accepting the recommendations in the plea agreement until it reviewed the presentence report, Cole claims he entered into a binding Rule 11(c)(1)(C) agreement. But *when* or *whether* the district court accepts a plea agreement has no bearing on whether a plea agreement is binding or nonbinding under Rule 11(c)(1); the relevant inquiry focuses on *what* the government and the defendant agreed upon. *See United States v. Bennett*, 990 F.2d 998, 1004 (7th Cir. 1993).

provision of the guidelines, a policy statement, or a sentencing factor." FED. R. CRIM. P. 11(c)(1)(C). To the contrary, as we have noted, other portions of the agreement specifically state that the district court "will determine the applicable guideline range" and "will determine all matters, whether factual or legal, relevant to the application" of the guidelines. The agreement also provides that "the specific sentence to be imposed . . . will be determined by the judge." Nothing in the paragraph containing Cole's admissions as to drug quantities altered these general provisions.

Instead, Cole's admissions regarding drug quantities are the equivalent of a stipulation of facts that falls outside Rule 11's scope. The district court is not bound by the parties' stipulations, a point confirmed by the guidelines. *See* U.S.S.G. § 6B1.4 ("A plea agreement may be accompanied by a written stipulation of facts relevant to sentencing. . . . The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing.") The commentary accompanying § 6B1.4 emphasizes this point:

> Section 6B1.4(d) makes clear that the court is not obliged to accept the stipulation of the parties. Even though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of the sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, *together with the results of the presentence investigation*, and any other relevant information.

(Emphasis added.) Simply mentioning a particular guideline provision (as Cole's plea agreement does) is not enough to convert a factual stipulation into a binding Rule 11(c)(1)(C) agreement. If the parties meant to bind the district court at sentencing, then the agreement would have contained specific language to that effect. As it was, the agreement explicitly left all aspects of the guidelines calculation and the ultimate sentence up to the court. As such, the court was free to accept the plea yet rely on the presentence report to reach its own drug-quantity findings notwithstanding the parties' stipulation about the drug quantities. During the Rule 11 plea colloquy, Cole himself acknowledged that the drug-quantity amounts were not binding; when the judge advised him that the court was free to disregard the recommendations in the plea agreement and that Cole could face up to 20 years' imprisonment, he said he understood.

Cole's argument is similar to the one made by the defendant in *United States v. Bennett,* 990 F.2d 998 (7th Cir. 1993). In *Bennett* the defendant had stipulated that he was not a career offender, but he had concealed a prior violent felony that the probation officer uncovered while preparing the presentence report. 990 F.2d at 1000-01. Although the government had asked the district court to abide by the parties' stipulation, we concluded that the parties' agreement as to the defendant's career-offender status did not bind the court because it did not fall within the category of agreements that Rule 11 makes binding in sentencing proceedings. *Id.* at 1002-04. True, the types of agreements that may bind a

district court under Rule 11 have been expanded since *Bennett*, *compare id.* at 1001 (quoting a prior version of Rule 11(c)(1)(C) that provided that the parties might agree that "a specific sentence is the appropriate disposition of the case"), *with* FED. R. CRIM. P. 11(c)(1)(C) (providing that a district court may be bound by the parties' agreement regarding specific sentences, sentencing ranges, or the application of other guidelines provisions, policy statements, or sentencing factors), but its reasoning is still sound. Rule 11(c)(1)(C) does not apply to stipulated facts, and so the drug-quantity amounts in Cole's agreement did not constrain the district court's sentencing decision. Cole acknowledged as much in the agreement itself and at his plea hearing when he said he understood that the court retained complete freedom to calculate the applicable sentencing guidelines range and determine the appropriate sentence. Accordingly, the district court did not nullify Cole's plea by rejecting the drug-quantity stipulations in the plea agreement, and the appeal waiver in Cole's plea agreement is enforceable.

The appeal is DISMISSED.