NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2009
Decided October 21, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 08-4145

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 658-2 |
| SERGIO NAVARRETE, | |
| *Defendant-Appellant*. | George W. Lindberg, *Judge*. |

**O R D E R**

Sergio Navarrete pleaded guilty to conspiring to possess more than five kilograms of cocaine with intent to distribute, *see* 21 U.S.C. §§ 846, 841(a)(1), and the district court sentenced him to 151 months' imprisonment. In his plea agreement he promised to forgo any appeal of his conviction or sentence. Navarrete filed a notice of appeal, but his appointed lawyers move to withdraw because they cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Navarrete did not respond to counsel's submission. *See* CIR. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief. *United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begin by telling us that Navarrete does not wish to challenge his guilty plea. Counsel thus properly refrain from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel next consider whether Navarrete has any other basis on which to challenge his sentence. But the appeal waiver forecloses any argument challenging his sentence except a claim that the district court relied on a constitutionally impermissible factor at sentencing or that the sentence exceeds the statutory maximum. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Neither of these issues applies here. Navarrete's appeal waiver stands with his unchallenged guilty plea, *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009); *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007), and any challenge to his sentence would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.