NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010
Decided October 25, 2010

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-1199

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 822-1 |
| ALEJANDRO MARTINEZ, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Alejandro Martinez, a member of the Spanish Cobras street gang, pleaded guilty to distributing a controlled substance, 21 U.S.C. § 841(a)(1), and the district court sentenced him to 180 months' imprisonment, almost 7 years below the applicable guidelines range. Martinez filed a notice of appeal, but his appointed lawyer has not identified an arguable basis to challenge Martinez's conviction or sentence and seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We invited Martinez to respond to counsel's motion, *see* CIR. R. 51(b), but he has not. We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Martinez stands by his guilty plea. Counsel, therefore, does not discuss the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel has evaluated whether Martinez could challenge the calculation of his guidelines imprisonment range. The district court found that Martinez is a career offender because of prior convictions for possessing crack with intent to distribute and for delivering cocaine, *see* U.S.S.G. § 4B1.1(b)(A), which resulted in a base offense level of 37 and a criminal history category of VI. The court applied a 3-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and determined that the imprisonment range was 262 to 327 months. In his plea agreement, Martinez stipulated to this range and to the underlying calculations, so we agree with counsel that an appellate challenge would be frivolous. *See United States v. Cole*, 569 F.3d 774, 775 (7th Cir. 2009).

Counsel also considers whether Martinez could argue that his 180-month prison sentence is unreasonably high. But the term is almost 7 years less than the low end of the guidelines range and is presumptively reasonable. *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Counsel has not suggested a reason why the presumption would not stand, and we can think of none.

Counsel's motion to withdraw is **GRANTED** and the appeal is **DISMISSED**.