NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010
Decided December 22, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-1620

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northen District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 223-2 |
| ROBERTO DURAN, *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Roberto Duran pleaded guilty to possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), and possessing a firearm in relation to drug trafficking, *see* 18 U.S.C. § 924(c). In his plea agreement, Duran waived his right to appeal the conviction, his sentence, or the district court's pretrial rulings, but he preserved his right to challenge the waiver itself as involuntary or the result of ineffective assistance of counsel.
The district court sentenced Duran to 115 months' imprisonment for the drug offense and a consecutive 60-month prison term for the firearm offense. Despite his waiver of appellate rights, Duran appealed. His appointed lawyer, however, has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Duran did not respond to counsel's submission. *See* CIR. R. 51(b). We limit our review to the potential

issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel's brief explains that he met with Duran to discuss whether Duran wanted to have his guilty plea set aside, and Duran promised to notify him by mail of his decision. Duran never wrote to counsel, however, and there is therefore no indication that he wants to withdraw his guilty plea. Counsel therefore correctly declines to raise any possible challenges to the sufficiency of the plea or compliance with Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel considers whether Duran could challenge his sentence by arguing that his waiver is unenforceable because the guidelines calculations in the plea agreement reflect a lower guidelines range than the range found applicable by the court. This argument would be frivolous because the plea agreement explicitly states that its validity is not contingent upon the court's agreement with the guidelines calculations it contained. Thus Duran's appeal waiver stands with his guilty plea, *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009); *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007), and any challenge to his sentence would be frivolous.

Counsel finally proposes arguing that the waiver was unenforceable because Duran's attorney was ineffective in negotiating the agreement. A challenge to the adequacy of counsel's performance, however, is best pursued on collateral review so that a more complete record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.