NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 30, 2012
Decided June 4, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1012

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| v. | No. 2:11CR00020-001 |
| DAVID T. WHITNEY, *Defendant-Appellant*. | William T. Lawrence, *Judge* |

**O R D E R**

David Whitney, an inmate at the federal prison in Terry Haute, Indiana, was caught carrying a shank and charged with possession of a prohibited object, 18 U.S.C. § 1791(a)(2). He pleaded guilty after the parties had stipulated to a total offense level of 11. The government promised to recommend a prison sentence at or below the middle of the range applicable to that offense level, and in exchange Whitney waived the right to appeal his conviction or sentence "on any ground" if the district court accepted the parties' stipulation. The court did so and sentenced Whitney to 24 months' imprisonment, the bottom of the resulting guidelines range. Whitney filed a notice of appeal despite his waiver, but

appointed counsel has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Whitney has not responded to counsel's submission. *See* CIR. R. 51(b).

As his lawyer acknowledges, Whitney's broad waiver of his right to appeal makes this case frivolous. Whitey has told counsel that he does not want to challenge his guilty plea, and thus the lawyer properly omits from his *Anders* brief any discussion about the plea colloquy or the voluntariness of Whitney's guilty plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). And since an appeal waiver stands or falls with the guilty plea, *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), Whitney's appeal waiver must be enforced.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.