**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Adolph R. YANIZ, Defendant–Appellant.**

**No. 11–3821.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 19, 2012.

Decided Sept. 19, 2012.

Diane L. Berkowitz, Attorney, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Jonathan E. Hawley, Federal Public Defender, Office of the Federal Public Defender, Peoria, IL, A. Brian Threlkeld, Attorney, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Before FRANK H. EASTERBROOK, Chief Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

### ORDER

Adolph Yaniz, a physician, prescribed and dispensed controlled substances to customers who did not have a medical need but were willing to pay for the drugs. He also accepted kickbacks from the owner of a medical lab that performed unnecessary diagnostic tests ordered by Yaniz and billed to Medicare, Medicaid, and private insurers. Yaniz was charged with fraud, taking kickbacks, and distributing controlled substances but struck a deal allowing him to plead guilty to two counts of distributing Hydrocodone and Alprazolam during 2008 and 2009. At that time the maximum prison term for each violation was 5 years, 21 U.S.C. §§ 841(a)(1), (b)(1)(D), (b)(2) (2006), but Yaniz cooperated with the government, prompting the district court to impose a total of 60 months' imprisonment, significantly below the guidelines sentence of 120 months (Yaniz's unadjusted guidelines range of 135 to 168 months exceeded his statutory exposure). Yaniz filed a notice of appeal despite having waived his right to appeal as a term of the plea agreement. His appointed lawyer has concluded that the appeal is frivolous, however, and moves to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Yaniz has not accepted our invitation to respond to counsel's motion. *See* Cir. R. 51(b).

As his lawyer recognizes, Yaniz's broad waiver of his right to appeal renders this appeal frivolous. In the district court Yaniz retracted a pro se motion to withdraw his guilty pleas, and he has told appellate counsel that he does not want to challenge his convictions in this court. Counsel thus properly omits from his *An-*ders brief any discussion of the plea colloquy or the voluntariness of Yaniz's guilty pleas. *See United States v. Knox,* 287 F.3d 667, 670–72 (7th Cir.2002). And because an appeal waiver stands or falls with the guilty plea, *see, e.g., United States v. Sakellarion,* 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Cole,* 569 F.3d 774, 776 (7th Cir.2009), Yaniz's appeal waiver must be enforced.

Counsel's motion to withdraw is **GRANTED,** and the appeal is **DISMISSED.**