NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012
Decided September 19, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3821

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:09cr218-001 |
| ADOLPH R. YANIZ, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Adolph Yaniz, a physician, prescribed and dispensed controlled substances to customers who did not have a medical need but were willing to pay for the drugs. He also accepted kickbacks from the owner of a medical lab that performed unnecessary diagnostic tests ordered by Yaniz and billed to Medicare, Medicaid, and private insurers. Yaniz was charged with fraud, taking kickbacks, and distributing controlled substances but struck a deal allowing him to plead guilty to two counts of distributing Hydrocodone and Alprazolam during 2008 and 2009. At that time the maximum prison term for each violation was 5 years, 21 U.S.C. §§ 841(a)(1), (b)(1)(D), (b)(2) (2006), but Yaniz cooperated with the government, prompting the district court to impose a total of 60 months' imprisonment, significantly below the guidelines sentence of 120 months (Yaniz's unadjusted guidelines

range of 135 to 168 months exceeded his statutory exposure). Yaniz filed a notice of appeal despite having waived his right to appeal as a term of the plea agreement. His appointed lawyer has concluded that the appeal is frivolous, however, and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Yaniz has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b).

As his lawyer recognizes, Yaniz's broad waiver of his right to appeal renders this appeal frivolous. In the district court Yaniz retracted a pro se motion to withdraw his guilty pleas, and he has told appellate counsel that he does not want to challenge his convictions in this court. Counsel thus properly omits from his *Anders* brief any discussion of the plea colloquy or the voluntariness of Yaniz's guilty pleas. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). And because an appeal waiver stands or falls with the guilty plea, *see, e.g., United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), Yaniz's appeal waiver must be enforced.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.