NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012
Decided November 20, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3354

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-47 |
| LARRY WOLLIE GREEN, <br> *Defendant-Appellant*. | Charles N. Clevert, Jr., <br> *Chief Judge.* |

**O R D E R**

Larry Wollie Green pleaded guilty to distributing heroin. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). In his plea agreement, he waived his right to appeal his conviction or sentence except for claims that (1) the punishment exceeds the statutory maximum, (2) the sentencing court relied on a constitutionally impermissible factor, or (3) his lawyer was ineffective. The district court sentenced Green to ten years' imprisonment. Green filed a notice of appeal, but his appointed counsel believes that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Green has not responded to his lawyer's submission. *See* Cir. R. 51(b).

Counsel advises us that Green does not wish to challenge his guilty plea, so counsel's brief properly omits any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

As counsel concludes, Green's broad appeal waiver makes this appeal frivolous. Green's sentence is below the statutory maximum, *see* 21 U.S.C. § 841(b)(1), and the district court did not rely on any unconstitutionally impermissible factor when it imposed Green's sentence. Moreover, any claim of ineffective assistance of counsel would more properly be presented on collateral review, where the record could be more fully developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005). Because an appeal waiver stands or falls with the guilty plea, *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), Green's appeal waiver must be enforced.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.