NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3885
_____

UNITED STATES OF AMERICA

v.

ZACHARY DAVIS,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00053)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2013

Before:  AMBRO, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: April 17, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

        Zachary Davis appeals his judgment of sentence following a guilty plea.  Because

Davis has failed to demonstrate that his plea was invalid, we will affirm.

# I

On January 27, 2010, Davis was indicted in the Eastern District of Pennsylvania on one count of conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and one count of aiding and abetting the possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). A superseding indictment issued on July 14, 2010, which maintained the same two counts against Davis. The charges stemmed from Davis's role in a conspiracy that acquired, processed, packaged, and distributed large quantities of cocaine in the Philadelphia area.

On February 28, 2011, Davis pleaded guilty to both charges pursuant to a written plea agreement with the Government. In addition, Davis and the Government entered into a side agreement stipulating that, for purposes of calculating the advisory United States Sentencing Guidelines (USSG or Guidelines), Davis would be responsible for distributing 5 to 15 kilograms of cocaine.

At the plea hearing, the District Court conducted a lengthy colloquy with Davis to ensure his guilty plea was knowing and voluntary. After satisfying the requirements set forth in Federal Rule of Criminal Procedure 11(b), the District Court specifically cautioned Davis that, despite the plea agreement, there was no guarantee as to what his sentence would be and that the Court did not have to approve any of the parties' stipulations. Davis assured the District Court that he understood.

The Presentence Report (PSR) recommended a base offense level of 36 because it

found that Davis was responsible for approximately 70 kilograms of cocaine. *See* USSG § 2D1.1(c)(2) (base offense level of 36 for a quantity of cocaine between 50 and 150 kilograms). In addition, the PSR applied a two-level enhancement for possession of a firearm during the commission of Davis's drug crimes, USSG § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility, USSG § 3E1.1(a)-(b). Accordingly, the PSR recommended a total offense level of 35 and a criminal history category of II, yielding an advisory Guidelines range of 188 to 235 months' imprisonment.

Prior to the sentencing hearing, Davis filed two objections to the PSR. First, he argued that the base offense level should have been 32 because of the stipulation that he would be responsible for 5 to 15 kilograms of cocaine. Second, he argued that the two-level enhancement for possession of a firearm was inapplicable. In its own sentencing memorandum, the Government agreed with Davis that the base offense level should be set at 32 based on the parties' stipulation.

On October 14, 2011, the District Court conducted a sentencing hearing. Over the objections of both Davis and the Government, the Court concluded that Davis was responsible for 70 kilograms of cocaine and agreed with the PSR that the base offense level was 36. In so ruling, the District Court made it clear that it was exercising its right to disagree with the parties' stipulations that had been set forth in the plea agreement and the side agreement, as well as based on discussions in open court at the change of plea hearing. The District Court also rejected Davis's challenge to the two-level firearms

enhancement.  Accordingly, the District Court found that the Guidelines range was 188 to 235 months' imprisonment.  Upon consideration of the 18 U.S.C. § 3553(a) factors, however, the District Court granted a downward variance and imposed a sentence of 156 months' imprisonment followed by five years of supervised release, in addition to a $5,000 fine and a $200 special assessment.  Davis filed this timely appeal.

## II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  Our review is for plain error because Davis did not challenge the voluntariness of his guilty plea below.  *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002).

"The constitutional requirement that a guilty plea be 'knowing' and 'voluntary' is embodied in Federal Rule of Criminal Procedure 11."  *United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006).  Pursuant to Rule 11, a district court must address the defendant personally in open court and determine that he understands the rights he waives by pleading guilty and the consequences of such a plea on his sentence.  *See* Fed. R. Crim. P. 11(b)(1); *see also Boykin v. Alabama*, 395 U.S. 238, 242–244 (1969).  The District Court informed Davis of these rights in a lengthy colloquy during the change of plea hearing, and notified him that he was giving up those rights by pleading guilty. Davis acknowledged that he understood the consequences of pleading guilty and that he was doing so knowingly and voluntarily.

Despite his affirmations that he understood the consequences of pleading guilty, Davis now argues that the District Court's decision to reject the parties' drug quantity stipulation renders his guilty plea invalid. He asserts that he would not have pleaded guilty had he known that he would be held responsible for more than 15 kilograms of cocaine. Even if we assume this to be true, it is insufficient to render Davis's guilty plea invalid. A district court is not bound by the parties' stipulations and may determine for itself the facts relevant to sentencing. *See* USSG § 6B1.4(a), (d) ("A plea agreement may be accompanied by a written stipulation of facts relevant to sentencing. . . . The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."). The commentary accompanying section 6B1.4 emphasizes this point: "Section 6B1.4(d) makes clear that the court is not obliged to accept the stipulations of the parties. . . . Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information." USSG § 6B1.4 cmt.

If the parties intended to bind the District Court to a particular sentence or sentencing range, the agreement would have contained specific language to that effect. *See* Fed. R. Crim. P. 11(c)(1)(C); *United States v. Cole*, 569 F.3d 774, 778 (7th Cir. 2009). Unlike a plea pursuant to Rule 11(c)(1)(C), Davis's agreement explicitly noted that the District Court was not bound by the parties' stipulations. It stated: "The defendant may not withdraw his plea because the Court declines to follow any

5

recommendation, motion or stipulations by the parties to this agreement.  No one has promised or guaranteed to the defendant what sentence the Court will impose."  App. 47.  The agreement further explained that "the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase and decrease in the Sentencing Guidelines range and the sentence that may be imposed."  App. 48.  Finally, the District Court addressed these provisions during the plea colloquy and Davis indicated that he understood them:

> The Court: [T]oday because I don't have any of the information I'm going to need except what I'm learning from this plea, I will not be able to determine what your sentence will be, you understand that, correct?
>
> Davis: Correct, Your Honor.
>
> The Court: No one can promise you what my sentence will be, not today, not ever, do you understand that?
>
> Davis: Yes.
>
> The Court: Even if the government and the defense have agreements, such as . . . stipulations, even if they make joint motions, it doesn't mean that the Court has to approve it, do you understand that?
>
> Davis: Yes.

App. 27.

The fact that the District Court disagreed with the drug quantity stipulation therefore does not render Davis's guilty plea invalid.  *See Cole*, 569 F.3d at 777.  Rather,

6

the record establishes that Davis was well aware of this possibility and pleaded guilty anyway.[1]

III

For the reasons stated, we perceive no error by the District Court, much less plain error. Accordingly, we will affirm the judgment of the District Court.

---

[1] Although Davis's appellate brief is confusing, it focuses primarily on the alleged invalidity of his plea. The Government interprets Davis's brief to argue that he should have been permitted to withdraw his guilty plea. That argument fails for the same reasons we have articulated. To withdraw a guilty plea once it has been accepted, the defendant must show a fair and just reason. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). The District Court's decision to reject the parties' stipulation is not such a reason because Davis was well aware of this possibility before pleading guilty.