NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2013
Decided July 25, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2957

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 01 CR 1115-2 |
| JUAN DURAN, *Defendant-Appellant.* | Milton I. Shadur, *Judge.* |

**O R D E R**

Juan Duran distributed PCP to users and to street-level dealers in his gang during 2000 and 2001. The FBI obtained a warrant for his arrest after making several controlled buys and acquiring wiretap evidence. Duran saw the agents entering his home and fled to Mexico, where he remained until Mexican police arrested him in 2010 and turned him over to U.S. authorities. Duran pleaded guilty to conspiracy to possess with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), and because the stipulated amount of PCP was at least a kilogram, Duran faced a statutory maximum and guidelines sentence of life imprisonment, *id.* § 841(b)(1)(A)(iv). The district court sentenced him below the guidelines range to 300 months. Duran's plea agreement includes a broadly worded waiver of appeal, but still he filed a notice of appeal. His appointed lawyer has concluded, however, that the appeal is

frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Duran has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b).

Duran has told counsel that he does not want his guilty plea set aside, and counsel thus refrains from discussing the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). Duran's satisfaction with his guilty plea also means that the adequacy of the plea colloquy would not be a potential ground for appeal, yet counsel goes on to tell us that the district court did not admonish Duran about the appeal waiver during the colloquy. *See* FED. R. CRIM. P. 11(b)(1)(N). Apparently counsel believes that Duran could dispute the validity of the appeal waiver even while choosing not to contest his guilty plea, but our decisions reject this "assumption that we can perform surgery on his plea agreement, excising only . . . the waiver of his right to appeal." *United States v. Sura*, 511 F.3d 654, 655 (7th Cir. 2007); *see United States v. Lockwood*, 416 F.3d 604, 607 (7th Cir. 2005). An appeal waiver stands or falls with the guilty plea, *see, e.g., United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), and thus Duran's choice to forgo a challenge to his guilty plea also means that he is bound by the appeal waiver. *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002). That waiver precludes the potential sentencing argument discussed in counsel's *Anders* submission and so we need not analyze that possible basis for appeal.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.