NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2773

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 12-CR-00164 |
| DANNY A. SORIA, *Defendant-Appellant.* | Rudolph T. Randa, *Judge*. |

**O R D E R**

Danny Soria used a peer-to-peer network to download child pornography. FBI agents executed a search warrant at his home and found 134 videos and 1,073 images of child pornography on his computers and storage media. After the district court denied Soria's motion to suppress the evidence from the search, he pleaded guilty unconditionally to one count of receiving child pornography. 18 U.S.C. § 2252A(a)(2). He was sentenced to 60 months' imprisonment—the statutory minimum for the offense, *id.* § 2252A(b)(1)—and 10 years' supervised release. His plea agreement includes a waiver of his right to appeal any sentence within the statutory maximum except on

grounds that the sentencing judge considered constitutionally impermissible factors or that his appointed lawyer was ineffective.

Soria filed a notice of appeal despite the waiver, but his lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Soria has not responded to his lawyer's motion, *see* CIR. R. 51(b), and we confine our review to the matters discussed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises that Soria does not want his guilty plea set aside, so the lawyer appropriately omits discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir.2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). It follows, says counsel, that Soria's appeal waiver makes this case frivolous. We agree. An appeal waiver stands or falls with the guilty plea. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009). And, as counsel notes, the exceptions to Soria's waiver are not applicable. Accordingly, we must enforce Soria's appeal waiver.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.